UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| A. TRAVELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-304 |
| ) | |
| DR. JOHN A. OTT and ) | |
| TRINITY WELLNESS ENTERPRISES, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

I. INTRODUCTION

This matter is before the Court on two motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the first filed by Defendant Dr. John A. Ott (DE # 19) on October 23, 2006, and the second filed by Defendant Trinity Wellness Enterprises, Inc. (DE # 22), on November 2, 2006. On November 7, 2006, the *pro se* Plaintiff, A. Traveler, was directed to file a combined response on or before November 20, 2006 (DE # 25); that deadline has now passed, and no response brief has been filed.

For the reasons provided, the two motions to dismiss will be GRANTED with prejudice as to Traveler's federal claims and without prejudice as to his state law claims.

II. BACKGROUND

Traveler commenced this action by suing Dr. Ott. (DE # 1.) Then, after further reflection, he filed an amended complaint (DE # 8) on September 11, 2006, adding Trinity Wellness as a Defendant but still listing Dr. Ott as a Defendant in Section I(C). This left Dr. Ott's status as a Defendant somewhat unclear, particularly since Traveler had submitted a letter

(DE # 4) to the Court on September 5, 2006, maintaining that his original complaint against Dr. Ott had been a mistake.

In any event, Traveler's claims in his Amended Complaint in essence purport to recite six causes of action: (1) a violation of his Fourteenth Amendment rights under 42 U.S.C. §§ 1985(3) and 1986; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) an unspecified violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA); (5) a violation of the Indiana State Psychology Board Practice Act, Ind. Code §§ 25-33 *et seq*.; and (6) a violation of the Health Professions Standards of Practice Act, Ind. Code §§ 25-1-9 *et seq*.[1] (*See* Am. Compl. at 5-6.)  Factually, Traveler asserts in his Amended Complaint that Trinity Wellness, through Dr. Ott, conspired with Mr. Leathers, the manager of CSX Transportation's ("CSXT") Employee Assistance Program, to get him medically disqualified from work.[2] (Am. Compl. at 7-8.)  Traveler also maintains that Dr. Ott violated his civil rights and HIPAA rights by talking to Mr. Leathers without his consent and by failing to reveal to Traveler that he had done so. (Am. Compl. at 7-8.)

On October 23, 2006, Dr. Ott filed the instant motion to dismiss, and on November 2, 2006, Trinity Wellness did the same.  In their respective motions, Defendants maintain that

---

[1] Traveler's Amended Complaint was submitted on a form available in the Office of the Clerk and styled: "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  Traveler's use of the form was probably a matter of expediency since he does not allege that his constitutional rights were violated by a person acting under color of state law, which is necessary to state a § 1983 claim. *See Gayman v. Principal Fin. Servs.*, 311 F.3d 851, 852 (7th Cir. 2005), *cert. denied*, 457 U.S. 943 (2003).  Although Traveler's Amended Complaint does make a passing reference to the Fourteenth Amendment, and then only in connection with §§ 1985(3) and 1986, he makes no effort to suggest that any deprivation he suffered at the hands of these private parties was in any way attributable to state involvement or any state actor. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991).  In sum, Traveler's omission means that his § 1983 claim, if he is truly making one, must be dismissed.

[2] Traveler was in engineer training with CSXT at the time.  He has two pending cases in this Court against CSXT arising from their termination of his employment. *See Traveler v. CSX Transp.*, No. 1:06-CV-307 (N.D. Ind. filed Feb. 28, 2006); *Traveler v. CSX Transp.*, No. 1:06-CV-56 (N.D. Ind. filed Sept. 6, 2006).

Traveler's assertions do not make out a claim concerning any of the six causes of action identifiable in his Amended Complaint.

### III.  LEGAL STANDARD

A complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts which would support his claim for relief. *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998).  In determining the propriety of dismissal under Rule 12(b)(6), the court must "accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences therefrom in favor of the plaintiff." *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).  The purpose of the motion to dismiss is to test the legal sufficiency of the complaint and not to decide the merits. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989), *abrogated on other grounds*, *Bd. of County Comm'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668 (1996).  "If it appears beyond doubt that plaintiffs can prove any set of facts consistent with the allegations in the complaint which would entitle them to relief, dismissal is inappropriate." *Perkins*, 939 F.2d at 466.

### IV.  DISCUSSION

First, Traveler alleges a § 1985(3) claim under the Fourteenth Amendment in Section IV of his Amended Complaint.  The four elements of a § 1985(3) claim include: (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States. *Keri v. Bd. of Trs. of Purdue Univ.,* 458 F.3d 620, 642 (7th Cir. 2006); *Trautvetter v. Quick,* 916 F.2d 1140, 1153 (7th Cir. 1990).

3

More pointedly, an essential element of § 1985(3), as well as § 1986 for that matter, is that the Defendants must have acted with the purpose of depriving Traveler of equal protection of the law. *E.g., Brokaw v. Mercer County*, 235 F.3d 1000, 1023-24 (7th Cir. 2000).  In *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), the Supreme Court held that "racial, or perhaps [some other] class-based invidiously discriminatory animus" must serve as the basis of the conspirator's actions.  Here, Traveler makes no effort to suggest that he falls within any of the recognized classes that support a § 1985(3) claim, such as race, ethnic origin, sex, or religion, or that the Defendants were motivated by some race or class-based invidious discriminatory intent.  This is a fatal omission in the face of a motion to dismiss. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992).  Moreover, even if Traveler had asserted that he was disabled, a fact he seemingly does *not* contend, it would make no difference, as disability-based animus does not constitute the type of animus required by § 1985(3). *Doe v. Bd. of Trs. of Univ. of Illinois*, 429 F. Supp. 2d 930, 945 (N.D. Ill. 2006) (citing *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1486-87 (7th Cir. 1985)).

Likewise, Traveler also fails to allege a necessary element of any purported "class of one" equal protection claim.  This type of equal protection claim, authorized in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), requires some assertion that one of the Defendants had "personal hostility toward him." *Crowley v. McKinney*, 400 F.3d 965, 972 (7th Cir. 2005); *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001) (stating that the plaintiff must demonstrate that the cause of the differential treatment is a totally illegitimate animus toward the plaintiff by the defendant).  Moreover, even if we ignore this glaring deficiency it would make no difference, since a class of one is not a protected class for purposes of § 1985(3). *See Axt v.*

4

*City of Fort Wayne*, No. 1:06-CV-157, 2006 WL 3093235, at *4 (N.D. Ind. Oct. 30, 2006) (compiling cases).

Clearly, Traveler has no basis for establishing liability under § 1985(3). As a result, Traveler's § 1986 claim also collapses, since it is premised upon a violation of § 1985(3). *Keri*, 458 F.3d at 643; *Craig v. Cohn*, 80 F. Supp. 2d 944, 948 (N.D. Ind. 2000).

Traveler's sole remaining federal claim is that Dr. Ott and Trinity Wellness violated HIPAA by talking with Mr. Leathers without his consent. We generously interpret this allegation, which is far from clear in Traveler's pleading, as suggesting that Dr. Ott unauthorizedly disclosed Traveler's protected health information to Mr. Leathers. Nevertheless, the problem for Traveler is that every court to have considered this issue, including this Court, *Hughes v. Corr. Med. Servs.*, No. 3:05-CV-773, 2006 U.S. Dist. LEXIS 38045, at *11 (N.D. Ind. June 7, 2006), has come to the conclusion that HIPAA does not authorize a private right of action. *Doe*, 429 F. Supp. 2d at 944 (citing *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 237 (D.D.C. 2005); *Dominick J. v. Wyoming Valley West High Sch.*, 362 F. Supp. 2d 560, 572 ( M.D. Pa. 2005)). The basis for this conclusion, a correct one in the Court's estimation, is that HIPAA provides both criminal and civil penalties for improper disclosures of medical information, with enforcement left solely to the Department of Health and Human Services. *Id.* Consequently, Traveler's HIPAA claim must also be dismissed.

This brings us to Traveler's remaining claims, which are all brought under state law. Since these claims do not arise under federal law, *see* 28 U.S.C. § 1331, and since Traveler does not claim diversity jurisdiction, *see* 28 U.S.C. § 1332, the only possible jurisdictional basis for the remaining claims is supplemental jurisdiction under 28 U.S.C. § 1367. However, "the

5

general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over [supplemental] state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (citing 28 U.S.C. § 1367(c)(3)).  This rule counsels dismissal of Traveler's remaining state law claims.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint Against Dr. John Ott (DE # 19) and Defendant Trinity Wellness Enterprises, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (DE # 22) are GRANTED.  As a result, Traveler's Amended Complaint is dismissed; his claims brought under 42 U.S.C. §§ 1983, 1985(3) and 1986 and his claim under HIPAA are dismissed with prejudice, and his remaining state court claims are dismissed without prejudice.

SO ORDERED.

Enter for November 29, 2006.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
